UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SIDNEY ALBERT POTTS,

        Petitioner,

v.

MIKE OBENLAND,

        Respondent.

Case No. C19-5541-BHS-TLF

ORDER GRANTING MOTION TO AMEND PETITION

Petitioner proceeds pro se in this 28 U.S.C. § 2254 habeas corpus action. Currently pending before the Court is petitioner's motion "Requesting Joinder … or in Alternative, Permission to File Second or Successive Petition." Dkt. 9. The Court construes this as a Motion to Amend the petition in this action. The respondent does not oppose petitioner's motion to amend the petition. Dkt. 10. For the reasons below, petitioner's motion (Dkt. 9) is GRANTED.

Petitioner filed his federal habeas petition in this Court on June 18, 2019. Dkt. 4. Because a personal restraint petition (PRP) petitioner had filed in December 2018 was still pending in state court when respondent's answer was due, respondent requested, and this Court granted, a stay. Dkts. 7, 8. On October 3, 2019, the Washington Supreme Court denied petitioner's motion to modify the commissioner's ruling denying his motion for discretionary review. Dkt. 9-1, at 139. Petitioner subsequently filed the instant motion, including what appears to be a supplement to his original petition filed in June 2019. Dkt. 9, 9-1. Petitioner's motion requests guidance from the Court as to whether to "join" the petitions or to file a second petition. Dkt. 9, at 4.

ORDER GRANTING MOTION TO AMEND PETITION - 1

1    "When a pro se petitioner files a new petition in the district court while an earlier-filed petition is still pending, the district court must construe the new petition as a motion to amend the pending petition rather than as an unauthorized second or successive petition." *Goodrum v. Busby*, 824 F.3d 1188 (9th Cir. 2016) *citing Woods v. Carey*, 525 F.3d 886 (9th Cir. 2008). Accordingly, the Court construes petitioner's motion as one to amend his currently pending petition in this action. A petition for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Pursuant to Fed. R. Civ. P. 15, "a party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B).

Here, respondent has not filed an answer to the June 2019 petition. Therefore, petitioner may amend or supplement his petition once as a matter of course without the Court's leave or respondent's written consent. *See* Fed. R. Civ. P. 15(a)(2).

Accordingly, it is hereby ORDERED:

(1) Petitioner's motion to amend the petition (Dkt. 9) is GRANTED. <u>The Clerk is directed to docket petitioner's original petition (Dkt. 4) and the supplement to that petition filed with petitioner's motion (Dkt. 9-1) as petitioner's Amended Petition.</u>

(2) Respondent is directed to file an answer to the Amended Petition on or before **March 23, 2020.** As part of such answer, respondent shall state whether petitioner has exhausted available state remedies and whether an evidentiary hearing is necessary. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate. Respondent shall file the answer with the Clerk of the Court and serve a copy of the answer on petitioner.

ORDER GRANTING MOTION TO AMEND PETITION - 2

1  (3) The answer will be treated in accordance with Local Rule LCR 7. Accordingly, on the
2  face of the answer, respondent shall note it for consideration on the fourth Friday after
3  filing. Petitioner may file and serve a response not later than the Monday immediately
4  preceding the Friday designated for consideration of the matter, and respondent may file
5  and serve a reply not later than the Friday designated for consideration of the matter.
6  (4) The Clerk shall provide copies of this order to petitioner and counsel for respondent.
7  Dated this 4th day of February, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge