UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SIDNEY ALBERT POTTS,<br><br>             Petitioner,<br><br>   v.<br><br>MIKE OBENLAND,<br><br>             Respondent. | Case No. C19-5541-BHS-TLF<br><br>ORDER STRIKING PETITIONER'S MOTION (DKT. 13) AS MOOT AND GRANTING RESPONDENT'S MOTION FOR EXTENSION (DKT. 15) |

Petitioner proceeds *pro se* in this 28 U.S.C. § 2254 habeas corpus action. Currently pending before the Court is petitioner's motion "Requesting Court's Guidance as to Joinder or Permission to File a Stand Alone Claim of Actual Innocence" (Dkt. 13). The clerk is directed to strike petitioner's motion as moot as it appears to be duplicative of a prior motion (Dkt. 9) which the Court granted on February 4, 2020 (Dkt. 11).

As with the instant motion, petitioner's prior motion, entitled "Requesting Joinder … or in Alternative, Permission to File Second or Successive Petition," (Dkt. 9), requested guidance from the Court as to whether to "join" petitioner's new habeas claims, including a claim of actual innocence (*see* Dkt. 9-1, at 5, Dkt. 12-1, at 5) with his pending petition (Dkt. 4), or to file a second petition. Dkt. 9, at 4.

Petitioner's first motion (Dkt. 9) was granted by order dated February 4, 2020, and petitioner was permitted to amend his original pending petition. Dkt. 11. In its order the Court noted that "[w]hen a pro se petitioner files a new petition in the district court

ORDER STRIKING PETITIONER'S MOTION (DKT. 13)
AS MOOT AND GRANTING RESPONDENT'S MOTION
FOR EXTENSION (DKT. 15) - 1

while an earlier-filed petition is still pending, the district court must construe the new petition as a motion to amend the pending petition rather than as an unauthorized second or successive petition." *Goodrum v. Busby*, 824 F.3d 1188 (9th Cir. 2016) *citing Woods v. Carey*, 525 F.3d 886 (9th Cir. 2008). Accordingly, the Court directed the Clerk to docket petitioner's original petition (Dkt. 4) and the supplement to that petition filed with petitioner's motion (Dkt. 9-1) which includes a claim of actual innocence, as petitioner's Amended Petition (now Dkt. 12).

It appears that petitioner may not have been aware that his first motion (Dkt. 9) had been granted when he submitted the current motion (Dkt. 13) because both documents were filed on the same day. As it appears the Court's order granting petitioner's first motion also resolves the instant motion, the clerk is directed to STRIKE the instant motion (Dkt. 13) as moot.

Respondent has also moved for an extension of time to file his answer to the Amended Petition. Dkt. 15. Respondent's motion (Dkt. 15) is GRANTED. Respondent is directed to file an answer to the Amended Petition on or before **April 24, 2020.** As part of such answer, respondent shall state whether petitioner has exhausted available state remedies and whether an evidentiary hearing is necessary. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate. Respondent shall file the answer with the Clerk of the Court and serve a copy of the answer on petitioner.

Respondent's answer will be treated in accordance with Local Rule LCR 7. Accordingly, on the face of the answer, respondent shall note it for consideration on the fourth Friday after filing. Petitioner may file and serve a response not later than the

Monday immediately preceding the Friday designated for consideration of the matter, and respondent may file and serve a reply not later than the Friday designated for consideration of the matter.

The Clerk shall provide copies of this order to petitioner and counsel for respondent.

Dated this 12th day of March, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER STRIKING PETITIONER'S MOTION (DKT. 13) AS MOOT AND GRANTING RESPONDENT'S MOTION FOR EXTENSION (DKT. 15) - 3