1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7
8

SIDNEY ALBERT POTTS,

9                                    Petitioner,

10          v.

11    MIKE OBENSLAND,

12                                    Respondent.

CASE NO. 3:19-cv-05541-BHS-BAT

**REPORT AND
RECOMMENDATION**

13          *Pro se* petitioner Sidney Albert Potts seeks 28 U.S.C. § 2254 habeas relief from his 2013

14    conviction on one count of leading organized crime and five counts of violating the Uniform

15    Controlled Substance Act ("UCSA") and sentence of 413 months of confinement. Dkt. 12 and

16    Dkt. 12-1 (amended habeas petition); *see* Dkt. 18-1, at 2. Mr. Potts raises seven grounds for

17    relief. *See* Dkt. 12, at 8–10 (grounds 1–6); Dkt. 12-1, at 4–5 (ground 7); *see* Dkt. 19, at 44–50

18    (petitioner's reply brief summarizing all grounds for relief).

19          The Court recommends **DENYING** the habeas petition and **DISMISSING** this matter

20    with prejudice because Mr. Potts has failed to show his procedurally defaulted claims are

21    excused by cause and prejudice or actual innocence; and he has failed to demonstrate that with

22    respect to the remaining grounds the state-court decision was contrary to, or involved an

23    unreasonable application of, clearly established federal law, or was based on an unreasonable

REPORT AND RECOMMENDATION - 1

determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)–(2). There is no basis for granting an evidentiary hearing. The Court recommends **DENYING** issuance of a certificate of appealability.

## BACKGROUND

Beginning in July 2012, City of Longview Street Crimes Unit made a number of methamphetamine buys from Mr. Potts, assisted by a police informant named J.H. Tr. 18-1, at 21. Those drug buys involved Mr. Potts, J.H., Angelita Llanes, and Christian Velasquez; Mr. Potts securing local housing for Ms. Llanes and Mr. Velasquez, who arrived from out-of-state; and ultimately the arrests of Ms. Llanes, Mr. Velasquez, and Mr. Potts. Dkt. 18-1, at 21–24. During the course of trial and sentencing proceedings, Mr. Potts asserted numerous errors: (1) although the search warrant specified only Potts Family Motors, the police searched all three of Mr. Potts's properties; (2) his arraignment was invalid because it had been presided over by Judge Gary Bashor who, because he had served as the special inquiry judge, was disqualified by RCW § 10.27.180 from presiding over his arraignment; (3) members of the Street Crimes Unit had improperly listened to Mr. Potts's jail calls to his attorney; (4) recorded phone calls and intercepts with J.H. that implicated Mr. Potts should have been suppressed; (5) the trial court should have dismissed the case instead of, over Mr. Potts's opposition, declaring a mistrial when the State revealed on the sixth day of trial that the State had knowledge that J.H. had testified untruthfully that he first met Ms. Llanes on the day of her arrest rather than that he had been introduced by Mr. Potts to Ms. Llanes a week earlier during another drug buy; (6) in the rebuttal closing argument, the prosecutor had prejudicially misstated the law by equating "speculation" with "circumstantial" evidence; (7) the "to convict" jury instruction for leading organized crime should have included additional language in the elements section and an additional element; and

REPORT AND RECOMMENDATION - 2

1    (8) the violation of the UCSA counts should merge with his leading organized crime count, and

2    the counts were the same course of conduct. Dkt. 18-1, at 21–38. Mr. Potts's first trial began in

3    August 2013, but after the mistrial was declared, his new trial began in November 2013. Dkt. 18-

4    1, at 30, 36. Mr. Potts was convicted on one count of leading organized crime and five counts of

5    violating UCSA. Dkt. 18-1, at 2.

6         On direct appeal, the Washington Court of Appeals affirmed Mr. Potts's convictions and

7    sentence in a lengthy, unpublished July 2016 opinion. Dkt. 18-1, at 20–78. In doing so, the Court

8    determined, among other things: (1) the trial court had not violated Mr. Potts's state or federal

9    constitutional double jeopardy rights by granting a mistrial or by permitting convictions for the

10   same criminal conduct; (2) his state or federal right to effective assistance of counsel, which

11   included the right to confer privately with counsel, had not been violated by members of the

12   Street Crime Unit listening to jail calls because Mr. Potts had expressly waived that right when

13   proceeding with the calls after being told his calls were recorded; (3) his time trial rights under

14   state law had not been violated because it was at most harmless error for Judge Bashor to have

15   presided over his October 2012 arraignment given there was no risk that Judge Bashor's role as a

16   special inquiry judge had prejudiced and thereby invalidated the arraignment; (4) there was

17   sufficient evidence to convict Mr. Potts of leading organized crime; (5) there had been no

18   prosecutorial misconduct during the rebuttal closing argument because any prejudice from

19   equating "speculation" with "circumstantial" evidence had been cured by the prosecutor's

20   clarifying statements, the trial court directing the jury to the instructions, and the totality of the

21   evidence; (6) Mr. Potts's due process rights had not been violated by improper jury instructions

22   about leading organized crime; (7) Mr. Potts's state Privacy Act rights had not been violated by

23   denying his motion to suppress evidence from intercepted recordings, and he could not base an

ineffective assistance of counsel claim on counsel's failure to have those recordings suppressed; (8) the search warrant authorized a search only of Potts Family Motors, not the other two locations, but the error was harmless because no evidence from the other locations was admitted; (9) the trial court had correctly applied state law by imposing an exceptional sentence for his leading organized crime conviction; and (10) the property seized from his home should be returned because the search warrant for his home was invalid, but Mr. Potts had raised meritless, miscellaneous claims of error (improper seizure of a Red Canoe account; improper conduct by the trial court, State, and defense counsel; improper ex parte communication between the trial judge and the prosecutor; prosecutorial misconduct involving the characterization of "two pounds" of drugs; the trial court's improper response to a jury question; insufficient evidence that Mr. Potts had led organized crime because J.H. should be characterized as a state agent and therefore could not have worked for him; and the improper application of a bus stop enhancement). In January 2017, the Washington Supreme Court denied his petition for review. Dkt. 18-1, at 609.

Mr. Potts then filed two personal restraint petitions ("PRPs"). In May 2018, the Acting Chief Judge of the Washington Court of Appeals dismissed his first PRP on the merits as frivolous. Dkt. 18-2, at 30–32. In September 2018, the state supreme court denied discretionary review of the first PRP. Dkt. 18-2, at 66–70. In February 2019, the Acting Chief Judge of the Washington Court of Appeals dismissed Mr. Potts's second PRP as untimely because it had been filed more than one year after his sentence became final and none of the statutory or other exceptions to the one-year period of limitation applied. Dkt. 18-2, at 89. In July 2019, the state supreme court treated his motion to reconsider the dismissal of his second PRP as a motion for discretionary review and denied that motion because the court of appeals had correctly

1    determined the PRP to be untimely. Dkt. 18-2, at 126–128. The state supreme court then denied

2    Mr. Potts's motion for reconsideration. Dkt. 18-2, at 130.

3    In June 2019, Mr. Potts filed a timely federal habeas petition that was subsequently

4    stayed so his second PRP proceedings could be fully resolved. Dkt. 4; Dkt. 8. Thereafter the

5    Court granted Mr. Potts leave to file an amended habeas petition. Dkt. 11. Mr. Potts raises seven

6    grounds for federal habeas relief:

7    1.  Denial of his federal rights to due process, a speedy trial, and effective assistance

8        of counsel based on the State's withholding of exculpatory material until the sixth

9        day of trial because it engendered a mistrial and new trial;

10   2.  Violation of the Double Jeopardy Clause because his motion to dismiss was

11       denied;

12   3.  The trial court failed to demonstrate that declaring a mistrial over his objection

13       was necessary;

14   4.  Denial of his federal right to a speedy trial because the trial court declared a

15       mistrial over his objection;[1]

16   5.  Denial of his federal rights to a speedy trial, due process and equal protection

17       because the state courts misapplied the time for trial rules;

18   6.  Denial of his federal right to due process because the trial court did not properly

19       interpret state law by failing to suppress intercepts and recordings of drug-related

20       activity; and

21   7.  Denial of his federal right to due process and equal protection because he was

22

23

[1] Grounds 1 through 4 are all variations on the same theme: the trial court violated his rights by declaring a mistrial instead of granting his motion to dismiss.

REPORT AND RECOMMENDATION - 5

actually innocent of the crimes in that the State never presented sufficient

evidence of key elements of the charged crimes.

*See* Dkt. 12, at 8–10 (grounds 1–6); Dkt. 12-1, at 4–5 (ground 7); *see also* Dkt. 19, at 44–50.

## DISCUSSION

Mr. Potts failed to exhaust in state court grounds 1 (except as to a subclaim), 5 (except as to a subclaim), and 6, and those grounds are now procedurally defaulted by the state statute of limitations and the state law against second or successive petitions. Mr. Potts's remaining grounds—a subclaim of ground 1, ground 2, ground 3, ground 4, a subclaim of ground 5, and ground 7 are meritless. Mr. Potts has not demonstrated that he is entitled to an evidentiary hearing. A certificate of appealability should not issue.

### I. Procedurally Defaulted Grounds 1 (with an exception), 5 (with an exception), and 6

Before seeking federal habeas relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct violations of its prisoners' federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To provide the State with the necessary opportunity, the prisoner must "fairly present" his or her claim in each appropriate state court. *Id.* When discretionary state supreme court review is part of the appellate process, whether on direct review or during the judicial postconviction process, "fair presentation" means that a petitioner must present all claims to the highest court in order to permit federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Casey v. Moore*, 386 F.3d, 896, 916 (9th Cir. 2004). It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. In order to exhaust the federal habeas claim, a petitioner must have fairly presented to the state courts the substance of his or her federal habeas claim. *Anderson v. Harless*, 459 U.S. 4, 6–7 (1982). Vague

1    references to broad constitutional principles such as due process, equal protection, and a fair trial

2    do not satisfy the exhaustion requirement. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). "[A]

3    claim for relief in habeas corpus must include reference to a specific federal constitutional

4    guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Id.* at 163.

5            Mr. Potts did not fairly present his grounds 1 (except as to a subclaim), 5 (except as to a

6    subclaim), and 6. Despite that he did not fairly present his federal claims to the Washington state

7    courts, he has exhausted his state-court remedies on these questions for federal habeas purposes.

8    This is because Mr. Potts is procedurally barred from pursuing remedies in state court by

9    independent and adequate state grounds: Washington's one-year statute of limitations for

10   collateral attacks, R.C.W. § 10.73.090, and the state law against second or successive collateral

11   attacks absent good cause, R.C.W. § 10.73.140; *see* R.A.P. 16.4(d). Mr. Potts's criminal

12   conviction became final in January 2017 and he is now time-barred from filing a personal

13   restraint petition. *See* Dkt. 18-2, at 126 (Washington Supreme Court upholding state court of

14   appeals decision that Mr. Potts's second PRP was untimely).

15           The Ninth Circuit has held that Washington's time-related procedural statute on personal

16   restraint petitions, R.C.W. § 10.73.090, provides an independent and adequate state ground to bar

17   federal review. *See Shumway v. Payne*, 223 F.3d 982, 989 (9th Cir. 2000). In addition, under

18   Washington law, the state courts will not consider a second or successive personal restraint

19   petition absent good cause showing why the issues were not raised in the prior personal restraint

20   petition. R.C.W. § 10.73.140. *See* Dkt. 18-2, at 126 (Washington Supreme Court noting that in

21   his second PRP, Mr. Potts had failed to show good cause to excuse the time bar or to permit a

22   second petition). Under such circumstances, Mr. Potts's grounds 1 (except as to a subclaim), 5

23   (except as to a subclaim), and 6 are procedurally barred unless he can demonstrate cause and

REPORT AND RECOMMENDATION - 7

prejudice or actual innocence to excuse his procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

**A.      Ground 1: Due Process, Speedy Trial, and Effective Assistance of Counsel Based on Withholding of Exculpatory Material Until Sixth Day of Trial**

His *pro se* petition liberally construed, Mr. Potts contends in ground 1 that his federal constitutional rights to due process, a speedy trial, and the ability of defense counsel to provide effective assistance were violated because "Superior Court denial of the Motion to Dismiss for Discovery Violation, and outrageous Government Conduct was clearly Manifest Abuse of Discretion on untenable grounds for untenable reasons." Dkt. 12, at 17. Here plaintiff refers to the trial court's decision to declare a mistrial and a new trial rather than to dismiss the case because defense counsel asserted that he was unable to cure the prejudice ensuing from the State revealing only on the sixth day of the trial that J.H. had untruthfully testified that he had met Ms. Llanes for the first time on the day of the arrest and had only been given her name and number the day before when an agent had prior knowledge that J.H. had been introduced to Ms. Llanes by Mr. Potts a week earlier during another drug deal. *See, e.g.*, Dkt. 18-1, at 790–93 (transcript of third day of new jury trial).

On direct appeal, plaintiff did not present ground 1 to the court of appeals as a federal constitutional issue in counsel's 96-page brief or in his own, 50-page "Separate Additional Grounds" for Relief." Dkt. 18-1, at 80–187 (defense counsel's brief); Dkt. 18-1, at 191–247 (Mr. Potts's "Separate Additional Grounds"). In his first PRP proceedings, Mr. Potts presented his effective assistance subclaim both to the court of appeals and in his petition for discretionary review. Dkt. 18-1, at 659–661 (court of appeals PRP); Dkt. 18-2, at 42–45 (petition for review of PRP). In the first PRP proceedings Mr. Potts presented his ground 1 speedy trial violation with this factual predicate to the court of appeals but not to the state supreme court. *Compare* Dkt. 18-

REPORT AND RECOMMENDATION - 8

1, at 659–61 *with* Dkt. 18-2, at 42–45. Mr. Potts did not fairly present ground 1 in his second PRP because that PRP was denied as time barred. Thus, although Mr. Potts appears to have exhausted state remedies for his ground 1 subclaim regarding his right to effective assistance of counsel in the first PRP proceedings, all other aspects of ground 1—due process and speedy trial rights based on the failure to produce the exculpatory evidence earlier, thereby leading to a mistrial—have not been fairly presented to all levels of the state courts. Thus, ground 1, with the exception of the effective assistance of counsel subclaim, was not exhausted in state court and is now procedurally defaulted for federal habeas purposes.

**B.    Ground 5: Denial of Federal Rights to a Speedy Trial, Due Process, and Equal Protection Because the State Courts Misapplied the Time for Trial Rules**

Mr. Potts contends in ground 5 that his federal rights to a speedy trial, due process, and equal protection because the state courts misapplied the state time for trial rules. Dkt. 12, at 37–63. Respondent does not contest that Mr. Potts exhausted his claimed violation of the right to a speedy trial. Dkt. 17, at 31. Mr. Potts did not, however, exhaust the state remedies for ground 5 in all other respects, including a violation of due process and equal protection. Thus, ground 5, with the exception of the speedy trial issue, is now procedurally defaulted for federal habeas purposes.

**C.    Ground 6: Denial of Federal Right to Due Process Because the Trial Court Should Have Suppressed Recordings Under State Law**

Mr. Potts contends in ground 6 that his federal right to due process was violated because the trial court should have suppressed recordings and intercepts that inculpated him in methamphetamine deals. Dkt. 12, at 63–79. Mr. Potts did not exhaust state remedies for ground 6 because he presented the issue on direct appeal and in his first PRP entirely as a violation of the state Privacy Act and state law, and his second PRP was denied as time barred. *See* Dkt. 18-1, at

143–58; Dkt. 18-1, at 207–214; Dkt. 18-1, at 640–55; Dkt. 18-2, at 45–47. Mr. Potts did not exhaust state remedies for ground 6 and it is now procedurally defaulted for federal habeas purposes.

### D.    Cause and Prejudice or Actual Innocence

Unless it would result in a fundamental miscarriage of justice, a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates cause for the procedural default and actual prejudice stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Potts is unable to demonstrate cause and prejudice to excuse the procedural default of grounds 1 (except as to a subclaim), 5 (except as to a subclaim), and 6 because he does not show an objective circumstance prevented him from fairly presenting his claims to the state courts. In fact, the voluminous and detailed briefing filed by counsel and by Mr. Potts in support of direct review and his two PRPs demonstrate that there have been no barriers to fairly presenting his claims.

Mr. Potts is also unable to show actual innocence. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To make a credible claim of actual innocence, a petitioner must "support his allegation of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Mr. Potts has not provided any new evidence of actual innocence of that

caliber; rather, he relies on evidence presented at trial and challenges the sufficiency of the evidence. But "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Mr. Potts's procedurally defaulted grounds 1 (except as to a subclaim), 5 (except as to a subclaim), and 6 have not been excused by a showing of cause and prejudice or of actual innocence.

## II.     Merits of Subclaim of Ground 1, Ground 2, Ground 3, Ground 4, Subclaim of 5, and Ground 7

Respondent does not contest that plaintiff has fully exhausted Grounds 2, 4, a subclaim of 5, and 7. As discussed earlier, the Court finds that Mr. Potts has exhausted his ground 1 subclaim of a violation of effective assistance of counsel with respect to declaring a mistrial. The Court disagrees with respondent's position that Mr. Potts failed to exhaust ground 3 regarding an asserted freestanding entitlement to dismissal rather than a mistrial. Mr. Potts has failed, however, to demonstrate that any of his exhausted claims have merit.

Federal habeas relief is available only if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)–(2). State court findings of fact are presumed correct unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## A. Subclaim of Ground 1: Ineffective Assistance of Counsel Regarding Declaration of a Mistrial

Mr. Potts raised his ground 1 subclaim of ineffective assistance of counsel in his first PRP proceedings by contending that defense counsel was unable to prepare an adequate defense

because the State revealed knowledge of the inconsistency in J.H.'s testimony regarding when he

first met Ms. Llanes only on the sixth day of trial, thereby leading to the trial court declaring a

mistrial. Dkt. 18-1, at 659–60; Dkt. 18-2, at 51. Neither the state appellate court nor the state

supreme court addressed the Sixth Amendment right to effective assistance of counsel based on

this factual predicate, but it is clear that they may have chosen not to do so because it is a garbled

argument that does not demonstrate deficient performance let alone prejudice. *Strickland v.*

*Washington*, 466 U.S. 668 (19894). The trial court declared a mistrial in part to *cure* counsel's

inability to provide adequate representation in light of the State's late-submitted, exculpatory

evidence. Like Mr. Potts, defense counsel argued that only a dismissal would be sufficient to

eliminate the taint from learning about the State's knowledge of J.H.'s inconsistency so late in

the trial. That the trial judge disagreed does not suggest that plaintiff was not afforded effective

assistance of counsel merely because a new trial took place in which defense counsel was

afforded the opportunity to prepare and impeach J.H. with his inconsistent statements.

       Mr. Potts's ineffective assistance subclaim of ground 1 lacks merit.

**B. Ground 2: Violation of the Double Jeopardy Clause Because Motion to Dismiss Was Denied**

       On direct appeal, the state appellate court addressed Mr. Potts's claimed violation of the

federal and state protections against double jeopardy based on the trial court's declaration of a

mistrial. Dkt. 18-1, at 39–42. In doing so, the court of appeals noted that a mistrial frees the

defendant from further prosecution, unless it is prompted by "manifest necessity." Dkt. 18-1, at

39 (citing a state case that quoted the federal standard in *Oregon v. Kennedy*, 456 U.S. 667, 672

(1982)). The court of appeals noted that three principles guided its determination of whether the

trial court had abused its discretion in granting a mistrial for manifest necessity, including

(1) whether the court acted precipitately or gave both defense counsel and the prosecutor full

1    opportunity to explain their positions; (2) whether it accorded careful consideration to the

2    defendant's interest in having the trial concluded in a single proceeding; and (3) whether it

3    considered alternatives to declaring a mistrial. Dkt. 18-1, at 40 (citing a state case that quoted

4    *Arizona v. Washington*, 434 U.S. 497, 515–16 (1978)). Applying those principles, the court of

5    appeals determined that the trial court had carefully considered the facts; the parties' arguments;

6    and the alternatives of suppression, continuance, mistrial, and dismissal before finally concluding

7    that mistrial was the most appropriate remedy and served the interests of justice. Dkt. 18-1, at

8    41–42. The state appellate court found, therefore, that the trial court did not abuse its discretion

9    by declaring a mistrial on the basis of manifest necessity.

10        Mr. Potts cites no Supreme Court authority that holds that, under circumstances similar to

11   the ones here the trial court abused its discretion by granting a mistrial for manifest necessity.

12   Dkt. 12, at 27–36.  Ground 2 therefore lacks merit.

13   **C.  Ground 3: Declaration of a Mistrial over Objection**

14        In an extension of ground 2, Mr. Potts appears to contend a broad federal right to be free

15   from a trial court's declaration of a mistrial based on manifest necessity over his objection. Dkt.

16   12, at 36–40. That is, plaintiff contends that state case law demonstrates that a trial court cannot

17   declare a mistrial when a plaintiff opposes the mistrial and seeks dismissal instead: "There can

18   be no assertion that the mistrial, which is the pivotal factor in this case, was granted in the

19   interest of or for the protection of the defendant. *State v. Connors*, 59 W.[]2d 879, 371 P.2d 901

20   (1962)." Mr. Potts did not raise ground 3 on direct review. Dkt. 18-1, at 80–187; Dkt. 18-1, at

21   191–247. He does, however, appear to raise ground three in his first PRP proceedings in his

22   briefing before the court of appeals and supreme court. Dkt. 18-1, at 659–61 (first PRP opening

23   brief); Dkt. 18-2, at 7–11 (first PRP reply brief); Dkt. 18-2, at 50–55 (first PRP petition for

1    discretionary review). The Court finds, therefore, that Mr. Potts has exhausted ground 3 by fairly

2    presenting it to all levels of the state courts.

3         In the first PRP proceedings, the state supreme court rejected ground 3 because it

4    determined that Mr. Potts was attempting to relitigate collaterally the question of whether the

5    declaration of a mistrial on the basis of manifest necessity violated the protection against double

6    jeopardy, and that question had already been asked and answered by the court of appeals on

7    direct review. Dkt. 18-2, at 68. In doing so, the state supreme court noted that "the trial court has

8    broad discretion to decide whether manifest necessity justifies discharge of a jury." *Id.* (citing

9    *Arizona*, 434 U.S. at 509).

10        Mr. Potts cites no Supreme Court authority that holds that, under circumstances similar to

11   the ones here the trial court abused its discretion by granting a mistrial over his objection.

12   Ground 3 therefore lacks merit.

13     **D. Ground 4: Denial of Federal Right to a Speedy Trial Because the Trial Court
       Declared a Mistrial Despite Objection**

14

15        Ground 4 is another variation on plaintiff's ground 2 and ground 3 arguments against a

16   mistrial being declared over his objection, this one on the basis of a speedy trial violation.

17   Ground 4 also lacks merit because in the PRP proceedings the state appellate court and the state

18   supreme court approved of the determinations that the trial court had adequately justified

19   declaring a mistrial on the basis of manifest necessity. Dkt. 18-2, at 30–31; Dkt. 18-2, at 68.

20        The Sixth Amendment guarantees that criminal defendants "shall enjoy the right to a

21   speedy and public trial." U.S. CONST. AMEND. VI. To determine whether a defendant's Sixth

22   Amendment speedy trial right has been violated, courts balance four factors: length of delay, the

       reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker*

23   *v. Wingo*, 407 U.S. 514, 530 (1972). None of these four factors are either necessary or sufficient,

1  individually, to support a finding that a defendant's speedy trial right has been violated; the

2  factors are related and "must be considered together with such other circumstances as may be

3  relevant." *Id.* Although the state supreme court did not address the federal speedy trial right in

4  the context of this particular factual predicate, the circumstances and the state supreme court's

5  approval of the trial court's determination that manifest necessity justified declaring a mistrial do

6  not suggest a violation of Mr. Potts's right to a speedy trial. Dkt. 18-2, at 68. The mistrial was

7  declared in part because defense counsel asserted that he could not adequately prepare a defense

8  given that the exculpatory evidence was provided on the sixth day of trial.[2] Mr. Potts's first trial

9  began in August 2013 and his new trial began in November 2013. Dkt. 18-1, at 30, 36.

10        In ground 4, Mr. Potts asserts that the delay occasioned by the mistrial caused a violation

11 of his right to a speedy trial, not that his original trial date violated his right to a speedy trial. He

12 cites no Supreme Court authority that holds that, under circumstances similar to the ones here the

13 trial court violated his right to a speedy trial by granting a mistrial over his objection based on

14 manifest necessity. Ground 4 therefore lacks merit.

15        **E.    Subclaim of Ground 5: Denial of Federal Right to a Speedy Trial Because the Trial**
          **Court Misapplied the Time for Trial Rules**

16

17        Mr. Potts contends in a subclaim of ground 5 that his federal right to a speedy trial was

18 violated by the trial court's alleged misstatement of the applicable state CrR 3.3 (Time for Trial).

19 Dkt. 12, at 49–52. In the first PRP proceedings, the court of appeals denied relief holding that the

20 state rule subsections he relied upon were repealed years prior to his trial. Dkt. 18-2, at 31. The

21

22 _____

23 [2] "[C]ounsel told the court if he had this new information, his opening statement would have
   been different, and he would have cross-examined Epperson differently. He finally said, 'It's
   simply not possible for me to provide effective assistance of Counsel, and it's all due to
   government misconduct.'" Dkt. 18-1, at 34.

REPORT AND RECOMMENDATION - 15

1  state supreme court upheld the appellate court's determination and denied his motion for

2  discretionary review. Dkt. 18-2, at 70.

3        Although Mr. Potts casts this claim in term of a federal speedy trial violation, in reality it

4  is a challenge to the trial court's alleged misapplication of the state criminal rules. Federal habeas

5  courts do not issue the writ on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S.

6  37, 41 (1984). "We have repeatedly held that a state court's interpretation of state law, including

7  one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas

8  corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The state courts' rejection of Mr. Potts's

9  challenge to the trial court's interpretation of the state criminal rules is binding on this Court in

10  federal habeas proceedings. Moreover, Mr. Potts fails to city any Supreme Court precedent that

11  holds that the violation of a state's speedy trial rules results in a per se violation of the federal right

12  to a speedy trial. This subclaim of ground 5 therefore lacks merit.

13  **F.  Ground 7: Actual Innocence**

14        In ground 7, Mr. Potts asserts a freestanding claim of actual innocence because the State

15  presented insufficient evidence of key elements of the charged crimes. Dkt. 12-1, at 16–30.

16  Although Mr. Potts presented this freestanding claim of actual innocence in his time-barred

17  second PRP proceedings, the Court will examine this claim because the state appellate court and

18  state supreme court addressed whether he had demonstrated actual innocence that might excuse

19  his untimely petition.[3] Dkt. 18-2, at 90; Dkt. 18-2, at 960.

20        The state supreme court found Mr. Potts's claim was not really one of actual innocence,

21  but one challenging the sufficiency of the evidence. Dkt. 18-2, at 127. That is, Mr. Potts

22

23  [3] In contrast, in the first PRP proceedings, the state supreme court declined to reach his claim of actual innocence because it had been raised for the first time in the motion for discretionary review rather than in the petition itself. Dkt. 18-2, at 70.

REPORT AND RECOMMENDATION - 16

presented no new evidence; rather, he relied on the evidence presented at trial. *Id.* The Court agrees with this characterization of Mr. Potts's freestanding ground 7 claim of actual innocence. Mr. Potts has presented no new evidence of actual innocence, has not demonstrated insufficiency of the evidence, and cannot seek habeas relief from state court interpretations of state law regarding the proper elements of a crime.  Moreover, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Mr. Potts cannot demonstrate the state courts' decision to reject his ground 7 claim of actual innocence as a gateway to considering his time-barred second PRP was contrary to, or an unreasonable application of, established Supreme Court precedent.

## G. Evidentiary Hearing

Mr. Potts does not request a federal evidentiary hearing and the circumstances do not justify holding an evidentiary hearing. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The statute bars consideration of evidence presented for the first time in federal court. *Id.* Moreover, an evidentiary hearing is rendered pointless by *Pinholster* if this Court determines that 28 U.S.C. § 2254(d) precludes habeas relief on the merits. *See Id.* at 203 n. 20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record resulted in a decision 'contrary to' or 'involv[ing] an unreasonable application ' of federal law, a writ of habeas corpus 'shall not be granted' and our analysis is at an end."); *see also, Sully v. Ayers,* 725 F.3d 1057, 1075-76 (9th Cir. 2013) (lower court did not abuse its discretion in denying evidentiary hearing on ineffective assistance claims that had been adjudicated in state court).

### H. Certificate of Appealability

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree that Mr. Potts has failed to demonstrate that the State violated clearly established federal law or could conclude that the issues presented are adequate to deserve further encouragement. Mr. Potts should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

### CONCLUSION

Mr. Potts failed to exhaust state remedies for grounds 1 (except as to a subclaim), 5 (except as to a subclaim), and 6, and those grounds are now procedurally defaulted by the state statute of limitations and the state law against second or successive petitions. Mr. Potts's remaining grounds—a subclaim of ground 1, ground 2, ground 3, ground 4, a subclaim of ground 5, and ground 7 are meritless. The Court recommends **DENYING** Mr. Potts's habeas petition and **DISMISSING** this matter with prejudice because Mr. Potts has failed to show that his procedurally defaulted claims are excused by cause and prejudice or actual innocence; and he has failed to demonstrate that with respect to the remaining grounds the state-court decision either

REPORT AND RECOMMENDATION - 18

was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)–(2). There is no basis for granting an evidentiary hearing. The Court recommends **DENYING** the issuance of a certificate of appealability.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 30, 2020.** The Clerk should note the matter for **December 4, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **ten (10) pages**. The failure to timely object may affect the right to appeal.

DATED this 16th day of November, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 19